FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 20, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDUARDO REYES,<br><br>Defendant. | No. 4:21-MJ-07108-MKD-2<br><br>ORDER FOLLOWING INITIAL APPEARANCE ON COMPLAINT AND SETTING DETENTION AND STATUS HEARINGS<br><br>**USMS ACTION REQUIRED** |
|---|---|

On Thursday, May 20, 2021, Defendant made an initial appearance on the Complaint (ECF No. 1). With his consent, Defendant appeared by video from Benton County Jail and was represented by Robin Emmans. Assistant United States Attorney Caitlin Baunsgard represented the United States.

Defendant was advised of, and acknowledged Defendant's rights.

A member of the Criminal Justice Act Panel was appointed to represent Defendant.

**Defense counsel shall ensure Defendant receives a copy of the Complaint (ECF No. 1), or if Defendant requests not to have a copy in**

ORDER FOLLOWING INITIAL APPEARANCE ON COMPLAINT AND SETTING DETENTION AND STATUS HEARINGS - 1

1 **Defendant's possession, that the Complaint has been reviewed with**
2 **Defendant and is available to Defendant upon request, and shall file a**
3 **certification with the Court to that effect within seven days of the date of**
4 **this Order.**
5  Under federal law, including Rule 5(f) of the Federal Rules of Criminal
6 Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions
7 from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States
8 has a continuing obligation to produce all information or evidence known to the
9 United States relating to guilt or punishment that might reasonably be considered
10 favorable to Defendant's case, even if the evidence is not admissible so long as it is
11 reasonably likely to lead to admissible evidence.  *See United States v. Price*, 566
12 F.3d 900, 913 n.14 (9th Cir. 2009).  Accordingly, the Court orders the United
13 States to produce to Defendant in a timely manner all such information or
14 evidence.
15  Information or evidence may be favorable to a defendant's case if it either
16 may help bolster the defendant's case or impeach a prosecutor's witness or other
17 government evidence.  If doubt exists, it should be resolved in favor of Defendant
18 with full disclosure being made.
19  If the United States believes that a required disclosure would compromise
20 witness safety, victim rights, national security, a sensitive law-enforcement

ORDER FOLLOWING INITIAL APPEARANCE ON COMPLAINT AND
SETTING DETENTION AND STATUS HEARINGS - 2

1  technique, or any other substantial government interest, the United States may

2  apply to the Court for a modification of the requirements of this Disclosure Order,

3  which may include *in camera* review and/or withholding or subjecting to a

4  protective order all or part of the information.

5       This Disclosure Order is entered under Rule 5(f) and does not relieve any

6  party in this matter of any other discovery obligation. The consequences for

7  violating either this Disclosure Order or the United States' obligations under *Brady*

8  include, but are not limited to, the following: contempt, sanction, referral to a

9  disciplinary authority, adverse jury instruction, exclusion of evidence, and

10 dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the

11 United States' obligation to disclose information and evidence to a defendant under

12 *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit

13 precedent. As the Supreme Court noted, "the government violates the

14 Constitution's Due Process Clause 'if it withholds evidence that is favorable to the

15 defense and material to the defendant's guilt or punishment.'" *Turner v. United*

16 *States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75

17 (2012).

18      Defendant, personally and through counsel, waived the right to a preliminary

19 hearing. On the basis of this waiver and the information contained in the affidavit

20 in support of the Complaint (ECF No. 1), the Court finds probable cause exists to

ORDER FOLLOWING INITIAL APPEARANCE ON COMPLAINT AND
SETTING DETENTION AND STATUS HEARINGS - 3

support the charge in the Complaint.

A detention hearing was set before **Judge Dimke by video in Yakima, Washington, on Monday, May 24, 2021, at 10:00 AM.** Pending the hearing, Defendant shall be detained in the custody of the United States Marshal and produced for the hearing. The United States Probation/Pretrial Services Office shall prepare a pretrial services report prior to the hearing and shall notify defense counsel prior to interviewing Defendant.

A status conference was set before **Judge Dimke by video in Richland, Washington, on Thursday, June 17, 2021, at 2:00pm.**

DATED May 20, 2021

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER FOLLOWING INITIAL APPEARANCE ON COMPLAINT AND SETTING DETENTION AND STATUS HEARINGS - 4