AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 25, 2021

SEAN F. McAVOY, CLERK

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Eduardo Reyes | )  Case No.  4:21-MJ-07108-MKD-2 |
| *Defendant* | )  ECF No. 16 |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
    **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

- ☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

- ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☑ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties

- ❏ Lack of significant community or family ties to this district
- ☒ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ☒ Prior failure to appear in court as ordered
- ☒ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Addendum.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     05/25/2021                                         /s/ Mary K. Dimke
                                                       United States Magistrate Judge

*United States v. Eduardo Reyes*, 4:21-MJ-07108-MKD-2

Due to the nature of the charges, there is a rebuttable presumption of detention in this case.  Defendant is charged with conspiracy to distribute methamphetamine.  The Complaint alleges that law enforcement conducted a long-term investigation into the alleged conspiracy that included electronic and visual surveillance, the use of confidential sources, a trash pull, and the execution of multiple search warrants.  It was further alleged in the Complaint that when law enforcement executed a search warrant at Defendant's residence, they located five firearms, thousands of rounds of ammunition, and drug ledgers.  The Complaint alleges that when a search warrant was executed at the storage unit associated with Defendant, law enforcement located approximately seven kilograms of cocaine, one pound of methamphetamine, 50 fentanyl-laced pills, around $10,000 in cash, and drug-packaging materials.  Additionally, the Complaint alleges that when a search warrant was executed at defendant's brother's home (a codefendant), law enforcement located approximately 52 pounds of methamphetamine, one pound of cocaine, 50,000 fentanyl-laced pills, 3.5 kilograms of heroin, and approximately $500,000 in cash.  Finally, the United States proffered that Defendant's source of supply has been identified as an individual residing in Mexico and that Defendant's brother had recorded jail calls with their mother in Spanish in which she apparently asked the codefendant whether she should contact an individual in Mexico regarding his arrest.  The Court notes that these allegations are exceptionally serious, especially considering the immense quantity of narcotics, cash, and the presence of firearms.  The Court has concerns regarding the possession in numerous firearms in conjunction with the alleged possession of large quantities of narcotics, which increases the seriousness of the allegation and the risk of danger to the community.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence.  Based on the proffer and Complaint, which include the details of a long-term investigation, surveillance, and the execution of several search warrants, there is sufficient evidentiary weight to the case to give the Court concern as to dangerousness and risk of flight.  This matter carries a mandatory minimum term of imprisonment of ten years, with a substantially higher advisory guideline range, which increases the likelihood of flight from the jurisdiction.

Turning to his history and characteristics, Defendant is 23 years old, was born in Kennewick, Washington, and has lived in the District the vast majority of his life. Defendant's mother and his three siblings reside in the Tri-Cities area. Defendant's father lives in Mexico and Defendant has frequent contact with his father and reported that he travels to Mexico once or twice a year to visit his father, with the most recent trip occurring in 2020. The Court notes that Defendant's strong ties to Mexico give it concerns as to risk of flight, especially when considering the lengthy potential period of incarceration were Defendant to be convicted. Defendant proposed living with his mother were he to be released, but indicated he would be able to secure other housing should the Court so desire. Prior to his arrest Defendant was employed as a laborer at a construction company and believes he would be able to return to work if released. Defendant is currently in the process of purchasing a home in Pasco, Washington.

Defendant has a minor criminal history. However, Defendant currently has pending charges for two counts of simple assault domestic violence, resisting arrest, hindering, and simple assault all stemming from the same event in late 2020. The Court notes that it is alleged Defendant locked himself in his room and refused to exit when officers attempted to arrest him. Further, Defendant failed to appear for a hearing associated with these charges. Although Defendant's criminal history is relatively minor, the Court has concerns related to the pending charges due to the violent nature, the attempts to evade and/or resist law enforcement, and his failure to appear, as this behavior seems indicative of Defendant's inability to comply with court ordered conditions.

In sum, the Court finds Defendant has failed to rebut the presumption of detention and further that United States has shown by a preponderance of the evidence that no conditions or combination of conditions other than detention that will reasonably assure Defendant's appearance at future court hearings and by clear and convincing evidence that no condition or combination of conditions other than detention will reasonably assure the safety of the community. That said, the Court may reconsider Defendant's release if he is able to propose a different release plan along with a considerable financial bond.