FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 21, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CARLOS REYES-SANTANA,<br>EDUARDO REYES-SANTANA, ROSA<br>MARTINEZ-RODRIGUEZ,<br><br>    Defendants. | Nos.  4:21-CR-06022-SAB-1<br>        4:21-CR-06022-SAB-2<br>        4:21-CR-06022-SAB-3<br><br>**ORDER GRANTING MOTION TO CONTINUE TRIAL DATE AND PRE-TRIAL CONFERENCE** |

    The Court held a pretrial conference in the above-captioned matter on July 21, 2021. Ian Garriques appeared on behalf of the United States. Rick Smith appeared on behalf of Defendant Carlos Reyes-Santana, who was present in the courtroom and in custody. Alister Dabreo, Jr. appeared by telephone on behalf of Defendant Eduardo Reyes-Santana, who was present in the courtroom and in custody. Nicholas Marchi appeared by telephone on behalf of Defendant Rosa Martinez-Rodriguez, who was present in the courtroom and out of custody.

    The Court considered Ms. Martinez-Rodriguez's Motion to Continue Trial Date and Pre-Trial Conference, ECF No. 75, and Mr. Carlos Reyes-Santana's

**ORDER GRANTING MOTION TO CONTINUE TRIAL DATE AND PRE-TRIAL CONFERENCE *1**

Motion for Joinder Re: Motion to Continue Pretrial Conference and Trial, ECF No. 81. During the hearing, Mr. Marchi and Mr. Smith stated that additional time was necessary to prepare for trial in this matter. Defendant Eduardo Reyes-Santana orally joined the Motion, and the United States did not object to the Motion. The Court found good cause to grant the continuance.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Rosa Martinez-Rodriguez's Motion to Continue Trial Date and Pre-Trial Conference, ECF No. 75, is **GRANTED**.

2. Defendant Carlos Reyes-Santana's Motion for Joinder Re: Motion to Continue Pretrial Conference and Trial, ECF No. 81, is **GRANTED**.

3. Defendant Eduardo Reyes-Santana's Motion for Detention Revocation Order, ECF No. 79, is **REFERRED** to Magistrate Judge Mary K. Dimke.

4. The current trial date of August 2, 2021, is **STRICKEN** and **RESET** for **October 25, 2021,** at **9:00 a.m.** commencing with a final pretrial conference at **8:30 a.m.** The trial shall take place in **Richland,** Washington.

5. A pretrial conference is **SET** for **October 6, 2021**, at **9:00 a.m**. in **Yakima**, Washington. Counsel shall advise the Court regarding any dispositive change in the status of this case **at least five (5) days prior to the pretrial conference**. Any motion to continue the pretrial conference or trial shall be filed at the earliest practicable opportunity, but no later than **seven (7) days prior to said proceeding**. Movant shall provide (1) specific and detailed reasons for the continuance to permit the Court to make the necessary findings; (2) if applicable, the Defendant's signed Speedy Trial Waiver; (3) the position of opposing counsel; and (4) the proposed new date. Continuances are not granted absent good cause.

6. All pretrial motions, including motions *in limine* and *Daubert* motions, shall be filed on or before **September 8, 2021** and noted for hearing at the

**ORDER GRANTING MOTION TO CONTINUE TRIAL DATE AND PRE-TRIAL CONFERENCE *2**

pretrial conference. Any response to a pretrial motion shall be filed and served in accordance with Local Rule 7.1.

7. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between August 2, 2021, the current trial date, until October 25, 2021, the new trial date, is **DECLARED EXCLUDABLE** for purposes of computing time under the Speedy Trial Act. The Court finds that the ends of justice served by such a continuance outweigh the public's and Defendant's interest in a speedy trial.

8. Defendant Carlos Reyes-Santana and Eduardo Reyes-Santana **shall** submit a signed Speedy Trial waiver within **fourteen (14) days** of this Order.

9. Trial briefs, proposed voir dire, jury instructions, verdict forms, exhibit lists, expert witness lists, and summaries of expert testimony shall be filed and served by all parties **on or before seven (7) calendar days** prior to trial. This does not modify the parties' discovery obligations under Fed. R. Crim. P. 16. Absent an agreement between the parties or an Order from the Court, the parties' Fed. R. Crim. P. 16 discovery deadlines shall be governed by Local Criminal Rule 16.

10. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible, so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the government to produce to the defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other

**ORDER GRANTING MOTION TO CONTINUE TRIAL DATE AND PRE-TRIAL CONFERENCE *3**

government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include in camera review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 21st day of July 2021.

Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO CONTINUE TRIAL DATE AND PRE-TRIAL CONFERENCE \*4**