FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:21-CR-06022-SAB-2 |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |
| vs. | |
| EDUARDO REYES-SANTANA, | ECF No. 79 |
| Defendant. | |

On August 5, 2021, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 79).[1]  With his consent, Defendant appeared by video from Sunnyside Jail and was represented by Alister Dabreo.  Assistant United States Attorney Caitlin Baunsgard represented the United States.

The Court has considered the additional information provided by Defendant and has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide

---

[1] Although styled as a Motion to Revoke Detention Order, Defendant confirmed the Court's understanding that the motion, in substance, is a Motion to Reopen Detention Hearing based on new information.  Accordingly, the Court treats it as such.

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING - 1

1    whether there are conditions of release that would reasonably assure Defendant's

2    appearance in court and the safety of the community: (1) the nature and

3    circumstances of the offense; (2) the weight of evidence against Defendant; (3) the

4    history and characteristics of Defendant; and (4) the nature and seriousness of the

5    danger Defendant would present to the community if released.  The Court finds

6    that these factors, as set forth orally by the Court, weigh in favor of Defendant's

7    continued detention.

8         Due to the nature of the charge(s), there is a rebuttable presumption of

9    detention in this case.

10        The Court previously noted its willingness to revisit the matter of detention

11   upon Defendant's presentation of an appropriate release address in addition to

12   sufficient financial sureties.  The Court reiterates that an appropriate release

13   address and sufficient financial package are necessary given the nature of the

14   charges and the Court's concern about Defendant's ties to Mexico.  In particular,

15   the Court has concerns regarding Defendant's relationship with his father who

16   resides in Guerrero, Mexico.  Defendant argues he does not have a strong

17   relationship with his father, but Defendant himself reported to the Probation Office

18   that he has daily telephonic contact with his father.  ECF No. 32 at 1.

19        Defendant has presented the Court with an offer to provide a $5,000 cash

20   bond and offers two additional proposed released addresses for the Court's

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING - 2

1  consideration—Defendant's significant other's parents' residence and his sister-in-

2  law's residence.

3          As for the offer of a $5,000 cash bond, which was represented as collected

4  from a number of family members, the Court finds this is insufficient to assure

5  Defendant's appearance given the financial circumstances surrounding this case.

6  First, the United States proffers that $500,000 was seized from a single location in

7  relation to the charges against Defendant.  This is a very significant sum of cash

8  and indicates the potential financial resources to which Defendant may have

9  access.  Second, the pretrial services report indicates that, at the time of the report,

10  Defendant had $4,000 in personal funds and was in the process of buying a home

11  worth approximately $345,000.  Given these financial circumstances, a $5,000

12  bond is simply insufficient to assure Defendant's appearance.

13          As for Defendant's proposed release addresses, the Court finds the first

14  proposed address—Defendant's significant other's parents' residence—to be

15  wholly inappropriate.  The United States has proffered facts indicating a potential

16  connection between a resident of that address and the alleged drug-trafficking

17  conspiracy for which Defendant has been indicted.  In particular, the United States

18  proffers that law enforcement conducted a trash pull at that residence in connection

19  with investigating the criminal conduct at issue in this case and discovered drug

20  packaging equipment with labels indicating the packaging had been used for

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING - 3

1    significant quantities of controlled substances, to which a K-9 gave a positive alert.

2    From the Court's perspective, it is irrelevant whether criminal charges have

3    resulted—the proffered facts alone make the proposed address inappropriate.  As

4    for the second proposed address, for the reasons stated on the record, the Court is

5    not persuaded this address will provide Defendant the stability required for pretrial

6    release.

7          In short, Defendant's proposed financial package and proposed release

8    addresses are insufficient to assuage the Court's significant concerns regarding the

9    risk of Defendant's nonappearance combined with his ties to Mexico and his

10    resistive behavior during his prior arrest.[2]

11          The Court, therefore, finds there has not been a sufficient change in

12    circumstances and a preponderance of the evidence remains that there are no

13    conditions or combination of conditions other than detention that will reasonably

14    assure the appearance of Defendant as required, and furthermore by clear and

15    convincing evidence that there are no conditions or combination of conditions

16    other than detention that will ensure the safety of the community.

17

18

19    [2] As set forth orally by the Court during the motion hearing, the Court does not rely
     on Defendant's prior alleged failure to appear as grounds to continue his detention.
20    For the reasons set forth on the record, the Court finds Defendant has persuasively
     disputed his alleged failure to appear.

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING - 4

**IT IS ORDERED:**

1.      Defendant's Motion to Reopen Detention Hearing (**ECF No. 79**) is **DENIED**.  Defendant shall remain held in detention pending disposition of this case or until further order of the Court.

2.      If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

DATED August 6, 2021

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING - 5